STATE ex rel. Rebecca BIERMAN,
Thomas Chida and United Behav-
ioral Health, Inc., Relators,

v.

The Honorable Margaret M. NEILL,
Judge, Division 1, Circuit Court of
City of St. Louis, Respondent.

No. SC 84306.

Supreme Court of Missouri,
En Banc.

Dec. 10, 2002.

Allen D. Allred, Jeffrey R. Fink, St.
Louis, for Relators.

Gregory T. Mueller, St. Louis, for Re-
spondent.

STEPHEN N. LIMBAUGH, JR., Chief
Justice.

Relators/defendants filed this petition
for writ of prohibition in the wake of *State
ex rel. Linthicum v. Calvin,* 57 S.W.3d 855
(Mo. banc 2001), seeking, on the ground of
improper venue, to prohibit respondent
from proceeding with an underlying medi-
cal malpractice case in St. Louis City.

On April 13, 2001, plaintiff, Patrick W.
Diven, brought the malpractice suit in St.
Louis City against a single defendant, Dr.
Rebecca Bierman, a resident of California.
On the date suit was brought, venue was
proper under section 508.010(4), RSMo
2000, which provides that if all defendants
are non-residents of the state, venue is
proper in any county. Five days later,
plaintiff added two additional defendants,
St. Louis County residents Thomas Chida
and United Behavioral Health, Inc. (UBH).
Under section 508.010(3), if some defen-
dants are residents and some are non-
residents, venue is proper "in any county
in this state in which any defendant re-
sides." Because neither Chida nor UBH
resided in St. Louis City, their addition to
the case would have defeated venue in St.
Louis City had they been named in the
original petition.

The defendants timely filed a motion to
transfer venue to St. Louis County on the
ground of pretensive non-joinder, and re-
spondent denied the motion on July 9,
2001. Shortly after this Court decided
*Linthicum,* which held that venue should
be determined anew on the addition of new
defendants, respondent was asked to re-
consider her July 9th ruling. However,
respondent denied the motion to reconsid-
er because defendants had not submitted
evidence at the original pre-*Linthicum*
hearing to determine whether venue in St.

Louis City was proper under a different statute, sec. 508.010(6), which provides that venue in a tort action is proper in the county where the cause of action accrues. Although defendants submitted unrebutted affidavits establishing that plaintiff's cause of action accrued not in St. Louis City, but in St. Louis County, respondent again denied the request for reconsideration. Thereafter, this Court issued a preliminary writ of prohibition.

Rule 51.045 provides:

(a) An action filed in the court where venue is improper shall be transferred to a court where venue is proper if a motion for such transfer is timely filed....

(b) Within ten days after the filing of a motion to transfer for improper venue, an opposing party may file a reply denying the allegations in the motion to transfer. If a reply is filed, the court shall determine the issue.

If the issue is determined in favor of the movant or if no reply is filed, a transfer of venue shall be ordered to a court where venue is proper....

Pursuant to Rule 51.045(a), defendants filed a motion to transfer venue alleging that venue in St. Louis City 1) was improper under section 508.010(3) because none of the defendants resided in St. Louis City and 2) was improper under section 508.010(6) because the cause of action did not accrue in St. Louis City. Plaintiff then filed a reply stating: "Defendants' reliance upon sections 508.010(3) and (6) is misplaced. These subparagraphs of Missouri's General Venue Statute do not apply in the present case...." In the reply, plaintiff instead contended that venue was proper in St. Louis City under section 508.010(4) because at the time the suit was originally filed, the sole defendant, Dr. Bi-

erman, was not a resident of Missouri. By stating expressly that subsections (3) and (6) did not apply, and by predicating venue on subsection (4) exclusively, plaintiff waived any requirement that defendants prove that venue was indeed improper in St. Louis City under subsections (3) and (6). After this Court's holding in *Linthicum*, and the consequence that venue in St. Louis City could no longer be based on subsection (4), respondent should have granted defendants' motion to reconsider. St. Louis County is the proper venue because both Missouri residents reside there, and it is now uncontested that the cause of action accrued there.

Accordingly, the preliminary writ of prohibition is made absolute, and respondent is ordered to take no further action in the case except to transfer the case to St. Louis County.

WOLFF, BENTON, STITH and PRICE, JJ., and BRECKENRIDGE, Sp.J., concur.

WHITE, J., dissents in separate opinion filed.

TEITELMAN, J., not participating.

RONNIE L. WHITE, Judge.

I respectfully dissent. The principal opinion's conclusion is but another step further down the ill-advised road upon which this Court embarked when it decided *State ex. rel. Linthicum v. Calvin.*[1] As stated in my dissent in *Linthicum*, the idea that a case is somehow "re-brought" each time a new party is subsequently added to the proceedings flies in the face of statutory interpretation, all accepted definitions of the word "brought", common sense and most importantly this Court's

---

1. 57 S.W.3d 855 (Mo. banc 2001).

own precedent.[2] If this case were merely a recitation of the facts in *Linthicum*, a simple reference to my dissent in that case would be sufficient; unfortunately, that is not the case. In the principal opinion the majority continues to progress towards a further derogation of Missouri's venue rules.

On April 13, 2001, pursuant to section 508.010(4), RSMo, plaintiff Patrick W. Driven brought a medical malpractice suit in the City of St. Louis against Dr. Rebecca Bierman, a resident of California. Because Dr. Bierman was a resident of the state of California and was the only defendant when the case was brought, venue in the City of St. Louis was proper. Five days later, the plaintiff added two additional defendants to the suit that he brought on April 13, United Behavioral Health, Inc., and Thomas Chida, both St. Louis County residents. If the additional defendants had been part of the suit when it was brought, venue would not have been proper in St. Louis City under section 508.010(3).

The divergence of the facts in this case from that in *Linthicum* seem minimal at first, but an extrapolation of the effect that today's principal opinion will have on Missouri's venue law once again displays the turmoil to which *Linthicum* leads.[3] In *Linthicum* the plaintiff amended his petition a mere one-day after it was first filed. In the present case the petition was amended a full five days after the case was brought. While that difference may seem small in this context, a review of the limitless possibilities that the aftermath of *Linthicum* provides shows the true folly in that decision.

Suppose for instance, a malpractice action between a resident of St. Louis City and an out-of-state defendant who is a resident of the state of California, much like Dr. Bierman. The unfortunate incident took place in a small Missouri town at a local facility. Because the doctor was a resident of California and was the only defendant when the case was brought, venue is proper in St. Louis City under section 508.010(4). However, after a year and a half of pre-trial motions and thousands of pages of discovery, all conducted in St. Louis City, where the action was brought, it is learned that aside from the negligence perpetrated by the doctor, the local nurse who assisted in the procedure was also negligent. Upon learning of her negligence, the defendant amends his suit to include the nurse as a party defendant. The nurse, a resident of the small town, then files a motion requesting change of venue as a result of her addition to the case that was brought in St. Louis City. Both of the other parties to the action, the plaintiff and the defendant doctor, oppose the motion due to the extensive time, resources and effort that has already been exerted developing the case in St. Louis City. However, their objection to transfer, based upon statutory interpretation, common sense and this Court's own precedent must now fail. Under *Linthicum* and now *Bierman*, the case must be moved out of St. Louis City.

Under the rubric of *Linthicum*, which is extended by this case, no matter how advanced a proceeding may be, nor how inconvenient for the parties that are already involved, if an additional party is added to the law suit at *any time*, the propriety of venue must be re-determined. While to-

---

2. *Id.* at 867.

3. The principal opinion begins by stating that this petition for writ of prohibition began in the "wake" of *Linthicum*, it might more aptly

be said that the plaintiff's proper venue in St. Louis City was buried in the "aftermath" of that case.

day's decision can lead to the absurd results described above, its most troubling consequence is the disregard it displays for already taxed judicial resources.

The literally countless number of cases that may now be unnecessarily disrupted when a party is subsequently added will create unnecessary turmoil and work for trial judges. Courts where venue was originally proper must now re-determine venue and transfer actions after proceedings have began. Under these decisions, the addition of an additional party has the potential to bring to a halt an ongoing proceeding and transfer it to a new venue only to start the entire process again. Before these holdings, parties to a lawsuit had a bright line rule upon which they could depend. That rule stated: absent improper venue, a case would be decided where it was brought. Now the only thing that litigants can know for sure is that they better not unpack.

Today this Court misses an opportunity to remedy the wrong that was perpetrated in its decision in *Linthicum*.